RECEIVED
MAY 2 0 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| MATTHEW HALTERMAN,<br>Plaintiff | § § § |
| VS. | § § § CASE NO. A 10 CA 345 LY |
| GILA CORPORATION d/b/a<br>MUNICIPAL SERVICES BUREAU,<br>Defendant | § § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff MATTHEW HALTERMAN ("Halterman"), and files this, his Original Complaint, complaining of GILA CORPORATION, d/b/a MUNICIPAL SERVICES BUREAU ("MSB"), and for causes of action would respectfully show this Honorable Court the following:

### PARTIES

1. *Plaintiff* is Matthew Halterman, a resident of Travis County, Texas;

2. *Defendant* is Gila Corporation, d/b/a Municipal Services Bureau, a Texas corporation who may be served through its agent for service of process, Registered Agent Solutions, Inc., at 515 Congress Ave., Suite 2300, Austin, TX 78701.

1

## JURISDICTION

3. Jurisdiction of the Court arises under 28 U.S.C. §1331; the Court has supplemental jurisdiction of the state law claims asserted, under 28 U.S.C. §1367.

## JURY DEMAND

4. Plaintiff requests a trial by jury.

## STATEMENT OF FACTS

5. On or about September 21, 2009, the Austin Municipal Court issued an Order of Deferred Disposition on Halterman's traffic violation, case #6338749 ("the traffic case"), ordering Halterman to pay a fine to the Austin Municipal Court by December 20, 2009, and maintain proof of auto insurance from September 21, 2009 to March 20, 2010. The Order specified that if Halterman completed these terms, his traffic case would be dismissed.

6. On or about December 20, 2009, Halterman paid his fine to the Austin Municipal Court per the terms of the deferred disposition order. On or about April 13, 2010, Halterman submitted proof of his auto insurance to the Austin Municipal Court, also per the terms of the deferred disposition order. Accordingly, on or about April 13, 2010, the Austin Municipal Court dismissed Halterman's traffic case and closed it.

7. On or about April 13, 2010 MSB used an auto-dialer device to telephone Halterman's cellular phone number, 512-633-2478, and left a pre-recorded message on Halterman's voicemail, stating "Someone in this household may have an important court matter that has not been resolved. Please contact us at your earliest convenience at 1-800-616-0166

to discuss your case." Halterman was terrified upon hearing the voicemail message, thinking he was about to be arrested, and felt he had no choice but to return the call. Halterman did so and discovered the robo-call had been placed by MSB in an attempt to collect the same fine Halterman had paid some five months earlier. The MSB employee with whom he spoke told Halterman that his traffic case was not closed and that he owed the money still. Halterman explained that the case had been dismissed that very morning, and that in any event, he had paid the traffic fine in December 2009. The MSB employee retorted that MSB's records showed neither payment nor a dismissal of the case, and that Halterman would need to go back down to the Austin Municipal Court and resubmit his documents and pay the fine again because they had not received neither the documents nor the payment. An argument ensued, with the MSB employee insisting Halterman still owed money and that MSB's calls would continue until the debt was paid. Halterman told the employee that MSB was not to call his cell number again, and to stop harassing him. The employee insisted she was not harassing Halterman, told him the calls would continue, and then hung up on him. Halterman was shaken, upset, infuriated, and afraid after the call, and this state of mind persisted for several weeks. He continued to be fearful he would be arrested. On or about April 20, Halterman finally called the Austin Municipal Court and confirmed the case had been resolved.

8. Nonetheless, on or about May 9, 2010 (Mother's Day, no less), MSB again employed its auto-dialer to telephone Halterman's cell phone, despite his explicit instructions to the contrary on April 13, and leave the same frightening pre-recorded message as described in ¶7. Halterman's fears of arrest, and his anxiety and sleep disruption became even

more acute and persisted. Matters worsened when on May 11 and May 16, MSB again employed its auto-dialer to telephone Halterman's cell phone and leave the same frightening prerecorded message. Halterman finally had no choice but to file suit.

9. Upon information and belief, MSB intentionally and regularly employs auto-dialer devices to telephone private citizens on their cellular and landline phones to try to collect traffic fines whether they are owed or not. Further, MSB intentionally invades citizens' privacy with frightening, misleading pre-recorded messages on their home and cellular phone to collect traffic fines -- again, whether they are owed or not -- as they did repeatedly to Halterman.

10. As a result of MSB's intentional, reckless, and continued invasion of Halterman's privacy through its insistent use of harassing robo-calls and frighteneing pre-recorded messages, Halterman experienced fear and anxiety over the course of several weeks that he would be arrested, and felt powerless to help himself. He had trouble sleeping and was irritable at work during this time.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. §227(b) *et seq.*

10. Halterman re-alleges each and every fact and allegation as set forth above in ¶¶1-9, and hereby incorporates them by reference, as if all were set forth fully herein.

11. MSB's use of an auto-dialer device to telephone Halterman's cellular phone and leave pre-recorded messages violates the TCPA §227(b) *et seq*.

12. As a result of MSB's actions as described herein, Halterman has been damaged and is entitled to $500.00 per each of MSB's four telephone calls, or $1,500.00 per call if MSB intentionally violated the TCPA, per the TCPA §227(b)(3)(B), and injunctive relief per the TCPA §227(b)(3)(A).

## COUNT II:
## INVASION OF PRIVACY

13. Halterman incorporates the proceeding paragraphs as if set forth at length.

14. As described in this complaint, MSB's intentional intrusion on the Halterman's solitude, seclusion, and private affairs was unreasonable, and was highly offensive to Halterman.

15. As a result of MSB's invasion of Halterman's privacy, he was caused to suffer worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, anguish, and fright. for several weeks, as described in this complaint.

## PRAYER

WHEREFORE, Plaintiff Matthew Halterman respectfully prays that this Court award:

    a. Judgment against MSB for statutory damages of no less than $6,000.00, as allowed by the TCPA;

    b. Actual damages;

c. Punitive damages in the amount of $50,000.00 or in an amount to be determined by the trier of fact;

d. Interest on all damages to the date of judgment;

e. Halterman's reasonable costs and expenses incurred in the prosecution of this action;

f. That the Court enjoin MSB from violating the TCPA as described in this complaint;

g. Any other relief to which the Court may find Halterman entitled.

Respectfully submitted,

_/s/ Matthew Halterman_

Matthew Halterman
4415 Ave. B., Apt. 205
Austin, TX  78751
512-633-2478
matthalterman@yahoo.com

PLAINTIFF *Pro Se*